IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anterrius Stinson, ) | |
| ) | Case No. 2:18-cv-2009-MBS-MGB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Andy Strickland, Colleton County ) | |
| Sheriff, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Anterrius Stinson ("Plaintiff") is a pretrial detainee at the Colleton County Detention Center in Walterboro, South Carolina. On July 23, 2018, Plaintiff, proceeding pro se and in forma pauperis, brought the underlying action against Defendants Andy Strickland (Colleton County Sheriff), Detective Philip Roberson, Detective Varnedoe, Detective Long, Detective Motzerralla, and Detective King in both their official and individual capacities. Plaintiff brings this action under 42 U.S.C. § 1983, alleging an illegal search of his home, a seizure of cash, conversion/ unjust enrichment, false arrest, violations of the Due Process Clause, and conspiracy. ECF No. 1 at 5. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action on July 23, 2018. ECF No. 1. In his complaint, Plaintiff alleges that on or about June 2, 2017, Defendants Roberson, King, Long, Motzerella, and Varnadoe searched his home in connection with three arrest warrants.[1] Id. at 7. Plaintiff asserts that they

---

[1] The Magistrate Judge stated that these warrants are connected to charges for which Plaintiff is awaiting trial in state court. Plaintiff's pending charges include robbery, burglary, cocaine

1

"tore all my walls out, destroyed all my furniture." Id. Plaintiff also alleges that the damage to his home was "almost $10,000" and that Defendants "stole $15,000 cash." Id. Plaintiff asserts that Defendants left a search warrant, but that the warrant did not have "any facts or name explaining how they obtained this warrant." Id. On July 25, 2018, the Magistrate Judge issued a proper form order, giving Plaintiff until August 15, 2018 to 1) complete a summons form for each Defendant and 2) complete a Form USM-285 for each Defendant. ECF No.7 at 2. Plaintiff did not respond to the Magistrate Judge's order.

## II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge filed a Report and Recommendation on August 29, 2018. ECF No. 14. The Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process for several reasons. First, the Magistrate Judge recommended that Plaintiff's official capacity claims should be dismissed on sovereign immunity grounds. Id. at 5-6. Specifically, the Magistrate Judge found that because South Carolina sheriffs and sheriff deputies are state employees, suing them in their official capacities for money damages would constitute a suit against the state of South Carolina. Id. Such actions are barred by Eleventh Amendment. Id. Second, the Magistrate Judge recommended that the court dismiss Plaintiff's individual capacity claims, as Plaintiff failed to state litigable claims. Id. at 5. The Magistrate Judge found that Plaintiff will first have the opportunity to challenge the legality of the search detailed in the complaint in Plaintiff's state court proceedings. Id. at 7. The Magistrate Judge noted that filing a § 1983 lawsuit at this stage would imply that Plaintiff's conviction and/or sentence is invalid, which would run afoul of

---

possession, murder, and operating a "chop shop." ECF No. 14 at 1-2. The court confirms that as of October 31, 2018, these charges are still pending. See
https://publicindex.sccourts.org/Colleton/PublicIndex/PISearch.aspx.

Heck v. Humphrey, 512 U.S. 477 (1994). The Magistrate Judge also found that abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971) is warranted, as there is a pending state court proceeding. Id. at 8. Furthermore, the Magistrate Judge found that Plaintiff failed to state a valid conspiracy claim, as Plaintiff did not show there was any "agreement or meeting of the minds." Id. at 10. Additionally, the Magistrate Judge found that Plaintiff failed to allege a violation of the Due Process Clause, as intentional deprivation of property does not violate the Due Process Clause if there is a "meaningful post-deprivation remedy" available. Id. at 11. The Magistrate Judge found that South Carolina offers such a remedy. Id. Finally, the Magistrate Judge found that Plaintiff's false arrest claim was without merit, as Plaintiff asserted on numerous occasions that he was arrested pursuant to warrants. Id. at 12. Plaintiff does not contest the validity of the arrest warrants in his case. Id. Pursuant to Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of his right to file objections to the Report and Recommendation. Id. at 14.

Plaintiff filed an objection to the Report and Recommendation on September 18, 2018.[2] ECF No. 17. Plaintiff contends that he "specifically objects to Defendants claiming they conducted a legal search." Id. at 1. Plaintiff elaborates that Defendants did not serve a warrant "to [his] father Roy Stinson or [his] girlfriend Kendra Lawyer before entering [his] residence." Id.

### III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court reviews de novo only those

---

[2] Plaintiff's filing states that it is an objection to "Defendants (sic) Motion to Dismiss and Summary Judgment." The court notes that Defendants never filed a motion to dismiss, nor did Defendants file a motion for summary judgment.

portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions to which there are no objections – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond, 416 F.3d at 315; Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## IV.   DISCUSSION

Plaintiff's objections only concern the legality of the search in his case. As the Magistrate Judge properly determined, Plaintiff may raise this issue in state court.

On September 18, 2018, Plaintiff filed a motion to continue to conduct discovery. ECF No. 16. Because this matter has been summarily dismissed, the court denies this motion as moot.

## V.   CONCLUSION

The court has thoroughly reviewed the record. The court concurs with the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. ECF No. 14. This matter is hereby DISMISSED without prejudice and without issuance and service of process. Plaintiff's motion to conduct discovery, ECF No. 16, is DENIED as moot.

IT IS SO ORDERED.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

Dated: November 6, 2018
Charleston, South Carolina

4